UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

                                                    Case No. 16-54917

Marique Sharp,                                       Chapter 7
                                                      Hon. Maria L. Oxholm

             Debtor

_____/

## OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SUSTAINING THE TRUSTEE'S OBJECTIONS TO DISALLOW AMENDMENT OF SCHEDULES TO CLAIM A HOMESTEAD EXEMPTION FOR THE ECORSE PROPERTY

Before the Court is Debtor Marique Sharp's Motion for Reconsideration of the Court's Order Sustaining the Trustee's Objection to Disallow Amendment of Schedules to Claim a Homestead Exemption for the Ecorse Property. (Doc. 33). In her motion for reconsideration, Debtor argues that her counsel failed to inform this Court of material issues and legal arguments in support of an amendment of the Schedules to allow the Debtor to claim a homestead exemption in the Ecorse Property. Specifically, the Debtor argues that her attorney incorrectly listed Debtor's primary residence as Lincoln Park instead of the subject Ecorse Property and failed to list any interest in the Ecorse property. Debtor claims that her attorney had full knowledge that she resided at the Ecorse Property and the sole purpose of transferring the property to her mother was to acquire homeowners insurance. The Debtor's negative credit rating and financial inability to afford the insurance prevented her from purchasing it herself. Debtor further contends that her attorney advised her in error that re-conveyance of the property was not required prior to filing her petition.

1

Debtor lastly maintains that her attorney intended to correct her error at the hearing on the Trustee's Objection to Disallow Amendment of Schedules. Debtor relies on *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) in arguing that she has the right to amend her schedules absent a finding of bad faith or concealment. Debtor claims that the only ground relied on by the Trustee for disallowing Debtor's amendment to claim the homestead exemption rests on the theory of fraudulent conveyance or transfer.

In response, Trustee contends that 11 U.S.C. § 522(d)(1) provides, in relevant part, that a debtor who elects the federal exemption scheme may exempt "the debtor's aggregate interest, not exceeding $22,975.00[1] in value in real property or personal property that the debtor or a dependent of the debtor uses as a residence." Here, Trustee claims that as of the commencement of this bankruptcy case, the Debtor had no interest in the subject property because the Debtor voluntarily conveyed the property to her mother prior to the petition date. Per *Wolf v. Salvern (In re Wolf)*, 248 B.R. 365 (B.A.P. 9th Cir. 2000), exemptions are determined as of the bankruptcy case filing date. Furthermore, in *In re Wickstrom*, 113 B.R. 339 (Bankr. W.D. Mich 1990) the court provides that a debtor, who transfers potentially exempt property to a third party prior to the petition date, has no remaining legal or equitable interest as of the bankruptcy filing date, the property is not property of the estate and therefore may not be claimed as exempt. *Id.* at 346. Moreover, the Trustee argues that clients must be held accountable for the acts or omissions of their attorneys, citing *Link v. Wabash R. Co.,* 370 U.S. 626 (1962). Lastly, Trustee contends that even if Debtor's counsel had asserted the exemption on the originally filed schedules, the exemption would have been disallowed for the reasons stated.

The Court has reviewed the entire record and finds that the Debtor has failed to establish that a palpable defect has occurred by which the Court and the parties have been misled, and that

---

[1] The current maximum value of a debtor's aggregate interest as provided in §522(d)(1) is $23,675.00.

a different disposition of the case must result from a correction of the defect.  A review of the

docket confirms that on November 1, 2016, Debtor filed her petition wherein she indicated on

her Schedule A/B that she does not own or have any legal or equitable interest in any residence,

building, land, or similar property.  (Doc 1, Schedule A/B).  Likewise, Debtor did not claim an

exemption in the Ecorse Property on her Schedule C. (Doc 1, Schedule C).   Debtor's Statement

of Financial Affairs indicates that she lived at the Ecorse Property from 2011 to 2015.  (Doc. 1,

SOFA, Line 2).  Debtor did disclose on her SOFA that she transferred the Ecorse property to her

mother Yvette Saltmarshall for $1.00 on July 24, 2015.  (Doc. 1, SOFA, Line 18).

On March 14, 2017, Trustee filed a complaint to avoid the transfer of the Ecorse Property

to Yvette Saltmarshall as a fraudulent transfer under 11 U.S.C. §§544(b), 548 and 550(a), as well

as the Michigan Uniform Fraudulent Transfer Act.  (Doc. 21, Adversary Case 17-04212).  On

April 12, 2017, Debtor filed Amendments to Schedules seeking to claim an interest in the Ecorse

Property of $18,000.00 and an exemption of $18,000.00 in the property pursuant to §522(d)(1).

(Doc. 24). On May 4, 2017, the Trustee filed his objection to Debtor's claim of exemptions

relying on § 522(g).  (Doc. 26).

On June 1, 2017, the Court held a hearing on Trustee's Objection to Disallow

Amendment of Schedules.  (Doc. 29-31).  At the hearing, contrary to Debtor's assertions, both

Debtor and her counsel had an opportunity to present factual and legal arguments.  The Court

sustained Trustee's Objection to Debtor's Amended Claim of Exemption.  (Doc. 32).  On June

12, 2017, Debtor filed this current motion for reconsideration (Doc. 33).[2]  On July 18, 2017, the

Court granted the Trustee's Motion for Summary Judgment on Plaintiff's complaint in the

adversary case (17-04212; Doc. 13).  On July 25, 2017, the Trustee filed an Objection to

---

[2] Debtor incorrectly relies on E.D. Mich LR 7.1(h)(1) for the standard for a motion for reconsideration.

Debtor's Motion for Reconsideration, (Doc. 35), which the Court permitted on July 28, 2017. (Doc. 37)

Local Bankruptcy Rule 9024-1(a)(3) sets forth the criteria for this Court to apply to a motion for reconsideration. That rule provides that a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. 9024-1(a)(3). The rule further provides that the moving party must demonstrate that a palpable defect has occurred by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction of the defect. *Id*. "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.,* 417 B.R. 449, 454 (E.D. Mich. 2009).

Here, the Debtor failed to establish a palpable defect. First, the Debtor points to *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) in arguing that she has the right to amend her schedules absent a finding of bad faith or concealment. The cited holding from *Lucius* has been overruled by *Law v. Siegel*, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) and *In re Baker*, 791 F.3d 677, 683 (6th Cir. 2015). The current state of the law under *Siegel* provides that "bankruptcy courts *do not* have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct." *In re Baker*, at 683 (emphasis added). The Debtor fails to distinguish between the court's equitable powers and the enumerated exceptions or limitations of the Bankruptcy Code. The Sixth Circuit in *In re Baker* explained *Siegel's* discussion on this point,

> The Supreme Court further determined that bankruptcy courts do not have "discretion to grant or withhold exemptions based on whatever considerations

they deem appropriate" because the Bankruptcy Code "sets forth a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct." *Id.* at 1196. Thus, "[t]he Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.*

*Id*. at 682. In this case, the Court did not disallow Debtor's amendment of Schedules to claim a homestead exemption pursuant to its equitable powers; rather, the Court relied on an exception to exemptions enumerated in §522(g), which was the basis of the Trustee's Objection.[3]

Section 522(g) provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

§522(g). Subsection (g)(2) is inapplicable as it covers liens on exempt property. Under (g)(1)(A) and (B), Debtor can exempt recovered property *only if* (1) the original transfer of the property by the debtor was an involuntary transfer; *and* (2) the debtor did not conceal the property from the estate. See *In re Young*, 238 B.R. 112, 115 (B.A.P. 6th Cir. 1999); and *In re Sharp*, 244 B.R. 889, 896 (Bankr. E.D. Mich. 2000) (11 U.S.C. § 522(g)(1) permits the debtor to exempt property recovered by the trustee, but only if the transfer of the property was neither

---

[3] A judicial determination as to avoidability of challenged transfer "is not required to trigger § 522(g)'s prohibition against the exemption of voluntarily transferred property." *In re Snyder*, 108 B.R. 150, 153 (Bankr. N.D. Ohio 1989); see also *Glass v. Hitt (In re Glass),* 60 F.3d 565, 569 (9th Cir.1995).

voluntary nor concealed by the debtor.)[4]  Here, it is undisputed that the Debtor voluntarily transferred the Ecorse Property to her mother prepetition.  Therefore, she cannot claim the property as exempt.  Accordingly, there was no clear error of law committed by the Court.  The Debtor does not argue that there has been an intervening change in the controlling law.

Second, the Debtor fails to present any new evidence.  Instead, Debtor merely restates the same arguments she already presented and argued during the June 1, 2017 hearing.  Notably, the Debtor does not contest that she transferred the Ecorse Property to her mother, Yvette Saltmarshall.  In fact, the Debtor attaches the quit claim deed she executed to transfer her interest in the Ecorse Property.  Debtor simply restates the reason for the transfer—namely, to acquire homeowners insurance.  However, the reason Debtor made the transfer is irrelevant as it is undisputed that the transfer was voluntary. Furthermore, Debtor's argument that she was always the owner of the property is without merit in light of her July 24, 2015 conveyance of the property via quit claim deed.  "It is settled law in this State that a quitclaim deed transfers any interest the grantor may have in the lands, whatever its nature."  *Eastbrook Homes, Inc. v. Treasury Dep't*, 296 Mich. App. 336, 349, 820 N.W.2d 242, 250 (2012) (quoting *Roddy v. Roddy,* 342 Mich. 66, 69, 68 N.W.2d 762 (1955)).

Property of the estate, with a few exceptions, is determined on the bankruptcy filing date. 11 USC § 541.  Likewise, exemptions are determined on the bankruptcy filing date.  *In re Pellegrini*, 467 B.R. 117, 121 (Bankr. W.D. Mich. 2012) (citing *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103 (1924)); *In re Anderson*, 357 B.R. 452, 460 (Bankr. W.D. Mich. 2006), *aff'd but criticized*, 377 B.R. 865 (B.A.P. 6th Cir. 2007).  In *Matter of Wickstrom*, 113 B.R. 339, 346

---

[4] Citing *Glass v. Hitt (In re Glass),* 60 F.3d 565, 568 (9th Cir.1995); *Sherk v. Texas Bankers Life & Loan Ins. Co.* (*In re Sherk*), 918 F.2d 1170, 1176 (5th Cir.1990); *Simonson v. First Bank of Greater Pittston* (*In re Simonson*), 758 F.2d 103, 106 (3d Cir.1985); *Redmond v. Tuttle,* 698 F.2d 414 (10th Cir.1983); *Trujillo v. Grimmett* (*In re Trujillo*), 215 B.R. 200, 204–05 (9th Cir. BAP 1997), *aff'd,* 166 F.3d 1218 (9th Cir.1998).

6

(Bankr. W.D. Mich. 1990) the Bankruptcy Court for the Western District of Michigan succinctly summarized,

> If at any point in time prior to filing, the potentially exempt property is *voluntarily* transferred to a third party, all interests of the debtor in that property terminate. The property cannot subsequently be claimed as exempt under the Bankruptcy Code based upon some *former* interest held by the debtor. If the debtor disposes of an interest in property, 11 U.S.C. § 101(50), and the debtor has no remaining legal or equitable interest as of the bankruptcy filing date, the transferred property is not property of the estate. Because only the debtor "may exempt from property of the estate", the transferred property may not be claimed as exempt. 11 U.S.C. § 522(b).

*Id*.

Due to her July 24, 2015 conveyance, Debtor did not own any interest in the Ecorse Property at the time of filing her petition and thus could not exempt it on her Schedules. Accordingly, Debtor's counsel did not improperly file the Chapter 7 Petition. With regards to the alleged erroneous advice from counsel, the Debtor is bound by the acts of her attorney even if such acts fall substantially below what is reasonable under the circumstances. *Link v. Wabash R. Co.,* 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962). Debtor has not provided any authority that erroneous advice may be grounds for this Court to reconsider its Order.

For the foregoing reasons, the motion for reconsideration does not meet the standard of L.B.R. 9024-1(a)(3). It does not identify a palpable defect nor provide any other grounds to reconsider the Order. Accordingly,

IT IS HEREBY ORDERED that Debtor's Motion for Reconsideration of the Court's Order Sustaining the Trustee's Objection to Disallow Amendment of Schedules to Claim a Homestead Exemption for the Ecorse Property is DENIED.

**<u>Signed on August 15, 2017</u>**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm**
**United States Bankruptcy Judge**

8